SC

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Howard Cochran, | No. CV 21-02232-PHX-MTL (JFM) |
| Petitioner, | |
| v. | **ORDER** |
| David Shinn, | |
| Respondent. | |

Petitioner Howard Cochran filed a "Petition for Habeas Corpus § 2255" in the Ninth Circuit Court of Appeals. The Ninth Circuit construed the petition as an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] and transferred the Petition to this Court to be filed as of November 29, 2021. The Ninth Circuit expressed no opinion as to the merits of Petitioner's claims or whether Petitioner had satisfied procedural requirements of 28 U.S.C. §§ 2244(d) and 2254, including the "in custody" requirement.

The Clerk of Court filed the Petition and assigned the matter the above case number. The Court will grant Petitioner 30 days to either pay the $5.00 filing fee or file an Application to Proceed In Forma Pauperis. The Court will also dismiss the Petition with leave to file an amended petition using this Court's approved form petition.

---

[1] Petitioner appears to seek relief as to his state court conviction for second degree burglary and/or misconduct involving weapons in Maricopa County Superior Court, cases ## CR2011-101847 and CR 2010-161733. *See* http://www.superior court.maricopa.gov/docket/CriminalCourtCases/caseInfo.asp?caseNumber=CR2011-101847 and http://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/caseInfo.asp?caseNumber=CR2010-161733 (last accessed Feb. 11, 2022). Challenges to state court convictions and sentences must be brought pursuant to 28 U.S.C. § 2254.

JDDL

I. **Failure to Comply with Local Rule 3.5(c)**

Rule 3.5(c) of the Local Rules of Civil Procedure requires that "[i]f a habeas corpus petitioner desires to prosecute the petition in forma pauperis, the petitioner shall file an application to proceed in forma pauperis on a form approved by the Court, accompanied by a certification of the warden or other appropriate officer of the institution in which the petitioner is confined as to the amount of money or securities on deposit to the petitioner's credit." Rule 3.5(c) also requires payment of the $5.00 filing fee if a petitioner has in excess of $25.00 in his inmate account.

Because Petitioner has not paid the $5.00 filing fee or filed an Application to Proceed In Forma Pauperis, Petitioner will be given 30 days from the date this Order is filed to either pay the $5.00 filing fee or file a complete Application to Proceed In Forma Pauperis using the form included with this Order.

II. **Petition not on Court-Approved Form**

Pursuant to Rule 3.5(a) of the Local Rules of Civil Procedure, Petitioner is required to use a court-approved form when he files a pro se petition pursuant to 28 U.S.C. § 2254. The Court may, in its discretion, forgo the requirement that a petitioner use a court-approved form. *See* LRCiv 3.5(a). The Court will require use of the court-approved form because Petitioner's Petition does not substantially comply with the court-approved form. The Court will dismiss the Petition without prejudice and with leave to file an amended petition within 30 days that complies with the requirements discussed below.

A. **"In Custody" Requirement**

It is a jurisdictional requirement that a habeas corpus petitioner be "'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (citing 28 U.S.C. §§ 2241(c)(3) & 2254(a); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)). "[The Supreme Court has] never held . . . that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." *Maleng*, 490 U.S. at 491 (emphasis in original). Once a petitioner has completed the sentence imposed for a

conviction, "the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id*. at 492. While, "custody" is not limited to actual physical incarceration, *see Jones v. Cunningham*, 371 U.S. 236, 239 (1963), one condition of being "in custody" is that the petitioner be subject to restraints not shared by the public generally, *see id.* at 243 (parolee is "in custody" within the meaning of the habeas statute).

Further, the "case-or-controversy" requirement of article III, § 2, of the United States Constitution requires a habeas corpus petitioner to have a "personal stake in the outcome of the lawsuit." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990)).  Thus, even where a petitioner satisfies the "in custody" requirement at the time the petition is filed, it may become moot if he is released from custody prior to any ruling.  *Id.*  Once a sentence has expired, "some concrete and continuing injury other than the now-ended incarceration (or parole)—some "collateral consequence" of the conviction—must exist if the suit is to be maintained." *Spencer*, 523 U.S. at 7 (holding that potential impact of conviction on future sentencing proceeding was not a sufficient injury to demonstrate article III standing); *Caswell v. Calderon*, 363 F.3d 832, 836 (9th Cir. 2004) (case-or-controversy requirement demands an actual or threatened injury traceable to defendant and likely to be redressed by a favorable judicial decision).

As noted above, the Petition is being dismissed with leave to file an amended petition.  In an amended petition, Petitioner should allege facts to support that re is "in custody," i.e., subject to restraints not shared by the public generally, including probation, parole, or community supervision.

**B.    Proper Respondent to a 2254 Petition**

A petitioner for habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition.  *See* Rule 2(a), Rules Governing Section 2254 Cases; *Belgarde v. Montana*, 123 F.3d 1210, 1212 (9th Cir. 1997).  When a habeas corpus petitioner has failed to name a respondent who has the power to order the petitioner's release, the Court "may not grant effective relief, and thus should not

hear the case unless the petition is amended to name a respondent who can grant the desired relief." *Smith v. Idaho*, 392 F.3d 350, 355 n.3 (9th Cir. 2004).

It appears that Petitioner may be subject to community supervision on a Maricopa County Superior Court conviction and sentence. If Petitioner is subject to probation, parole, or community supervision, due to a state court judgment, Petitioner, must name the probation, parole, or community supervision officer responsible for supervising him *and* the official in charge of the parole, probation, or community supervision agency, or the state correctional agency, as appropriate, as respondents. *See* Rule 2(b), 28 U.S.C. foll. § 2254, advisory committee's note.

**III.    Leave to Amend**

Within 30 days, Petitioner may submit an amended petition on the court-approved form. The Clerk of Court will mail Petitioner a court-approved form to use for filing a § 2254 Petition. If Petitioner fails to use the court-approved form, the Court may strike the amended petition and dismiss this action without further notice to Petitioner.

Petitioner's amended petition should clearly set out each claim Petitioner is making. If Petitioner cannot fit all his supporting facts or arguments in favor of a particular ground on the court-approved form, then he may continue on an attachment, but each matter on any attachment must be clearly referenced to a particular ground on the court-approved form.

The amended petition must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Petition by reference. Any amended petition submitted by Petitioner should be clearly designated as such on the face of the document.

An amended petition supersedes the original Petition. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the original pleading is treated as nonexistent. *Ferdik*, 963 F.2d at 1262. Any ground for relief that was raised in the original Petition and that was voluntarily dismissed or was dismissed without prejudice is waived

JDDL

if it is not alleged in an amended petition. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

**IV.   Warnings**

   **A.   Address Changes**

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

   **B.   Possible Dismissal**

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)   Within **30 days** of the date this Order is filed, Petitioner must either pay the $5.00 filing fee **or** file a complete Application to Proceed In Forma Pauperis.

(2)   If Petitioner fails to either pay the $5.00 filing fee or file a complete Application to Proceed In Forma Pauperis within 30 days, the Clerk of Court must enter a judgment of dismissal of this action without prejudice and without further notice to Petitioner.

(3)   Petitioner's § 2254 Petition (Doc. 2) is **dismissed with leave to amend**. Petitioner has **30 days** from the date of filing of this Order to file an amended § 2254 petition in compliance with this Order.

(4)   If Petitioner fails to file an amended petition within 30 days, the Clerk of Court must enter a judgment of dismissal of this action, without prejudice and without further notice to Petitioner and deny any pending unrelated motions as moot.

(5)   The Clerk of Court must mail Petitioner the court-approved form for filing a "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody

(Non-Death Penalty)" **and** the court-approved form for filing an Application to Proceed In Forma Pauperis (Habeas).

Dated this 14th day of February, 2022.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge

**JDDL**